UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DUSTIN J. TRIMM,

              Petitioner,

  v.

                                                 9:18-CV-0287
                                                 (MAD/TWD)

MICHAEL KIRKPATRICK,

              Respondent.

---

APPEARANCES:                                                 OF COUNSEL:

O'CONNELL & ARONOWITZ                     STEPHEN R. COFFEY, ESQ.
Counsel for Petitioner
54 State Street
Albany, NY 12207

MAE A. D'AGOSTINO
United States District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

Petitioner Dustin J. Trimm, through counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as well as a supporting memorandum of law and records from his state court proceedings. Dkt. No. 1, Petition ("Pet."); Dkt. No. 1-1, Memorandum of Law ("P. Mem."); Dkt. No. 1-2, State Court Records. He has paid the filing fee.

**II.    THE PETITION AND MEMORANDUM OF LAW**

Petitioner challenges a 2013 judgment of conviction in St. Lawrence County, upon his guilty plea, of one count of first degree manslaughter and two counts of first degree criminal sexual act. Pet. at 2. Petitioner asserts that, on August 3, 2016, he filed a motion to vacate

the judgment of conviction pursuant to Criminal Procedure Law ("CPL") § 440.10, and that his motion was denied on December 9, 2016.  *Id.* at 5.  On March 13, 2017, the New York State Supreme Court, Appellate Division, Third Department, denied leave to appeal.  *Id.* at 7; *see also* Dkt. No. 1-1 at 2.[1]  The petition reflects that petitioner did not file a direct appeal (Pet. at 3), but it appears that the Third Department affirmed the judgment of conviction on direct appeal on June 11, 2015.  *People v. Trimm*, 129 A.D.3d 1215, 1215-16 (3d Dep't 2015).[2]

Petitioner contends that he is entitled to habeas relief on the following grounds: (1) defense counsel rendered ineffective assistance in that they (a) "affirmatively misrepresented to [him] the amount of time he would be required to serve in prison as a result of" the plea offer he accepted and (b) "recruited a non-attorney employee" to incorrectly advise petitioner he would serve only 18 years imprisonment if he pleaded guilty; (2) his plea was not knowing, intelligent, or voluntary because (a) his plea was predicated upon defense counsel's misstatements about his sentencing exposure, (b) he was told that a letter that he wrote to the victim's mother as part of the plea agreement would be destroyed, when in fact the letter was made a part of the record, and (c) at the time of his plea discussions and plea, he was under the influence of cocaine and suboxone; and (3) his due process rights were violated because he was not afforded a full hearing upon his motion to withdraw his guilty plea.  Pet. at 6-11; *accord,* P. Mem. at 2-14.  For a complete statement of petitioner's claims, reference is made to the petition and memorandum of law.

---

[1] Citations to petitioner's state court records refer to the pagination generated by CM/ECF, the Court's electronic filing system.

[2] In its opinion, the Third Department noted that petitioner's contentions concerning defense counsel's "erroneous legal advice" and failure to explain the plea agreement's terms were amenable to a motion to vacate.  *Trimm*, 129 A.D.3d at 1216.

## III.     TIMELINESS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions.  28 U.S.C. § 2244(d)(1).  The one-year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review.  28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 & n.9 (2012).[3]  Ordinarily, for purposes of section 2244, a state conviction becomes "final" when the United States Supreme Court denies an application for a writ of certiorari or when the time to seek certiorari has expired, which is ninety days after the date on which the highest court in the state has completed direct review of the case.  *Gonzalez*, 565 U.S. at 150; *Saunders v. Senkowski*, 587 F.3d 543, 547-49 (2d Cir. 2009).

The one-year limitation period under AEDPA is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *Saunders*, 587 F.3d at 548.  The tolling provision "excludes time during which properly filed state relief applications are pending, but does not reset the date from which the one-year statute of limitations begins to run."  *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam).  The tolling provision excludes from the limitations period only the time that the state relief application remained undecided, including the time during which an appeal from the denial of the motion was taken.

---

[3] Other dates from which the limitations period may start running are the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed, the date on which the constitutional right on which the petitioner bases his habeas application was initially recognized by the Supreme Court, if the right was newly recognized and made retroactively applicable, or the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence (newly discovered evidence). 28 U.S.C. § 2244(d)(1)(B)-(D).  None of the bases for a later date upon which the statute of limitations could have begun to run appear to apply in this case.

*Saunders*, 587 F.3d at 548; *Smith*, 208 F.2d at 16.

Moreover, AEDPA's one-year statute of limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). To warrant equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008). Courts have also recognized an equitable exception to the one-year statute of limitations under 28 U.S.C. §2244(d)(1) in cases where a petitioner can prove actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386, 392 (2013).

In this case, petitioner's judgment of conviction was affirmed by the Third Department on June 11, 2015. *Trimm*, 129 A.D.3d at 1215. Petitioner had thirty days from that point to seek leave to appeal to the New York Court of Appeals. CPL § 460.10(5)(a); *Gillespie v. Kaplan*, No. 9:12-CV-1276 (NAM/RFT), 2015 WL 5773424, at *4 (N.D.N.Y. Sept. 30, 2015). It does not appear that petitioner sought leave to appeal from the Third Department's affirmance, and, as a result, his conviction became final thirty days later, on July 13, 2015, when he could no longer seek leave to appeal.[4] *Gillespie*, 2015 WL 5773424, at *4 ("Having failed to [seek leave to appeal to the Court of Appeals], Petitioner's conviction became final on . . . the date [o]n which she could no longer seek leave to appeal from the New York Court of Appeals.") (citing *Crawford v. Costello*, 27 F. App'x 57, 59 (2d Cir. 2001) (summary order) (noting that, "[a]fter allowing thirty days to pass without seeking leave to appeal to [the] New York Court of Appeals, [petitioner's] conviction became final")); *Velasquez v. Ercole*, 878 F.

---

[4] Thirty days from June 11, 2015 was July 11, 2015; that date, however, was a Saturday.

4

Supp. 2d 387, 396 (E.D.N.Y. 2012) ("[W]hen a defendant fails to appeal a decision of the New York Supreme Court, Appellate Division, the conviction becomes final thirty days after the service of Notice of Entry."); *Williams v. Smith*, No. 1:11-CV-0355, 2012 WL 5210774, at *1 (W.D.N.Y. Oct. 19, 2012) ("[P]etitioner's judgment became final and his time expired to seek direct review of his conviction on August 2, 2008, when petitioner did not seek leave to appeal to the New York Court of Appeals from the Appellate Division, Fourth Department's affirmance of his conviction on direct appeal."); *Timmons v. Lee*, No. 1:10-CV-2450, 2010 WL 3724772, at *2 (E.D.N.Y. Sept. 17, 2010) (explaining that petitioner had thirty days from the date his conviction was affirmed by the Appellate Division to seek leave to appeal, and that, when he failed to do so, his conviction became final at the expiration of the thirty-day period). Petitioner thus had until July 13, 2016, to file a timely federal habeas petition. It appears that the petition, filed on March 7, 2018, is over one year and seven months late.

The petition does not suggest any basis to conclude that the limitations period should be statutorily tolled. Petitioner filed his CPL § 440.10 motion on August 3, 2016 (Pet. at 5), but that did not serve to "revive the expired statute of limitations." *Gillard v. Sticht*, No. 9:16-CV-0513 (MAD), 2017 WL 318848, at *3 (N.D.N.Y. Jan. 23, 2017) (citations omitted); *accord, Roberts v. Artus*, No. 1:16-CV-2055, 2016 WL 2727112, at *2 (E.D.N.Y. May 5, 2016) ("If the 440 motion was filed after the one-year statute of limitations period expired, it cannot be counted for purposes of statutory tolling.").[5] Nor is there any reason to conclude, based upon

---

[5] Additionally, the Court notes that petitioner filed a federal habeas petition challenging the same conviction in July 2014. *Trimm v. Sheahan*, No. 9:14-CV-0905 (TJM/DEP), Dkt. No. 1, Petition. On July 23, 2014, that petition was dismissed without prejudice because petitioner was still in the process of pursuing his direct appeal. *Id.*, Dkt. No. 4 at 2-4, Decision and Order, filed July 23, 2014. Petitioner's conviction was not yet final at that time and, in any event, the filing of a federal habeas petition does not toll the limitations period. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

the information presently before the Court, that the limitations period should be equitably tolled or that an equitable exception applies.

The Supreme Court has held that the district court may raise the statute of limitations issue sua sponte, but before the court may dismiss the petition sua sponte on that basis, petitioner is entitled to notice and an opportunity to be heard regarding the timeliness issue. *Day v. McDonough*, 547 U.S. 198, 209-11 (2006).

Accordingly, the Court will give petitioner with an opportunity to file a written affirmation **within thirty (30) days** of the filing date of this Decision and Order explaining why the statute of limitations should not bar this petition, as outlined below. If petitioner fails to comply with this order, this petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

## IV. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner may file a written affirmation, **within thirty (30) days** of the filing date of this Decision and Order, explaining why the statute of limitations should not bar this petition. The affirmation shall not exceed twenty (20) pages in length. Petitioner should state the date(s) upon which he filed any state court applications for relief in which he challenged his conviction, including the name and location of the court(s) in which he filed each application, the date(s) upon which the application(s) were denied, whether he appealed and, if so, the date the appeal was decided. If petitioner is asking the Court to equitably toll the limitations period, he must set forth facts establishing a basis for the application of equitable tolling as stated above. If petitioner is asking the Court to apply an equitable exception to the limitations period, he must set forth facts establishing a basis for doing so. No answer to the petition will be required from respondent until petitioner has submitted the

required affirmation, and the Court has had the opportunity to review his arguments; and it is further

**ORDERED** that upon petitioner's submission of the written affirmation, the Clerk shall forward the entire file to the Court for review; and it is further

**ORDERED** that if petitioner fails to submit the required affirmation, this petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d) with no further order from the Court; and it is further

**ORDERED** that the Clerk is directed to serve a copy of this Decision and Order on petitioner in accordance with the Court's Local Rules of Practice.

Dated: March 14, 2018
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge